John KOSZELA, Jr.

v.

Ellis H. WILCOX et al.

86–220–Appeal.

Supreme Court of Rhode Island.

March 4, 1988.

Bradford Gorham, Gorham & Gorham, Inc., Providence, for plaintiff.

Peter Nolan, Coventry, for defendant.

## OPINION

SHEA, Justice.

This case is before the Supreme Court on an appeal by the defendants, the life tenants (on a piece of undeveloped property in Coventry) from a judgment for the plaintiff, the remainderman. This appeal presents the question whether the life tenant or the remainderman is responsible for the payment of real estate taxes. The Superior Court decided that the life tenants were responsible. We reverse.

In this case the tax assessor for the town of Coventry and the Central Coventry Fire District assessed taxes to the remainderman. The remainderman demanded that the life tenants pay the taxes. They refused. The town of Coventry threatened a tax sale of the property. The remainderman then paid the taxes and brought suit against the life tenants to recover the amounts he had paid.

The deed granting the life estate to defendants is silent about the responsibility for the real estate taxes during the lives of the life tenants. As authority for his suit to recover from the life tenants the amount he had paid in taxes, the remainderman relies on G.L. 1956 (1980 Reenactment) § 44–4–6, which provides:

> "Tenants for life or years.—Estates in the possession of a tenant for life or for a term of ten (10) or more years when by the terms of his lease such tenant for years is required to pay the taxes on such estate, may be taxed to such tenant, who, for the purposes of taxation shall be deemed the owner."

In *Weaver v. Arnold*, 15 R.I. 53, 23 A. 41 (1885), this court held that a life tenant was responsible for the payment of ordinary annual taxes and that if such payment was not made, his or her life estate would be sold to obtain this payment before any resort would be had to the reversion or remainder interest. That case involved an action in equity to vacate a tax title to land that had passed under a will to the testator's widow for her life and then to a remainderman. A tax sale had been conducted that purported to convey the remainderman's interest.

In *Sheffield v. Cooke,* 39 R.I. 217, 244, 98 A. 161, 171 (1916), this court again cited that general principle stated in *Weaver* but noted an exception. In that case the court was responding to requests for instructions from trustees of an estate. One of the questions concerned whether the principal of the trust was liable for taxes on unproductive and undeveloped real estate or whether those taxes should be paid out of income. The court cited the rule that " '[t]axes generally are chargeable to and payable out of the income, on the life tenant's interest, except where the property is unproductive and yields no income.' " *Id.* at 243, 98 A. at 170. After reviewing several texts and opinions from other jurisdictions, the court stated that "the law is clear that taxes assessed against unproductive real estate are not chargeable to the life tenant." 39 R.I. at 244, 98 A. at 171.

Later, in *Calcagni v. Cirino,* 65 R.I. 408, 14 A.2d 803 (1940), this court again applied the same principle. After noting that the property involved produced virtually no income, the court said: "It is well settled, at least in equity, that in such a situation the life tenant is not bound to pay any of the ordinary taxes or any special assessments for betterments; but may leave the burden of them all to the remainderman * * *." *Id.* at 414, 14 A.2d at 805. The trial justice in the case before us distinguished *Calcagni* which was decided in 1940 because § 44-4-6 first appeared in the General Laws of 1956. However, there were predecessors of this statute, identical in all respects, in existence at the time of the earlier decisions. *See Weaver v. Arnold,* 15 R.I. at 55, 23 A. at 42.

The majority rule appears to be that in situations in which land is not productive of any income during the life tenancy, the life tenant is not bound to pay any of the ordinary taxes or any special assessments for betterments, but rather the remainderman or remaindermen must pay them. 4A Thompson *Real Property* § 1904 (1979); *see also Annot.* 126 A.L.R. 862 (1940); 94 A.L.R. 311 (1935); 17 A.L.R. 1384 (1922).

Past case law, both in this state and in other jurisdictions, is in general agreement that a life estate in land which produces no income will not require the life tenant to pay ordinary taxes or special assessments when the deed or other instrument that created the life estate places no such burden on the life tenant. Section 44-4-6 is not contrary to the general rule. It merely allows parties who create a life estate or a leasehold for ten years or more to make the life tenant or leaseholder responsible for the payment of such taxes. This does not prevent a city or town assessor from implementing the provisions of § 44-4-6 by billing the life tenant or tenant for years for taxes as they accrue and selling that life estate or other limited interest for taxes. However, if the remainderman pays such taxes to protect his own interests, he has no right of action against the life tenant for reimbursement if the property is unproductive of income.

For these reasons we believe that the trial court erred in awarding damages to the remainderman in this case. Therefore, the defendants' appeal is sustained, the judgment appealed from is reversed, and the papers of this case are remanded to the Superior Court.