DECISION
This is a petition under G.L. 1956 (1995 Reenactment) §44-9-25 to foreclose all rights of redemption of a tax title acquired by the petitioner to land in the City of Providence. According to the undisputed allegations of the petition, on June 8, 1995 the tax collector of the City of Providence sold an undivided part of a certain parcel of land to the petitioner pursuant to § 44-9-8. Thereafter the collector executed his collector's deed on July 20, 1995, which was duly recorded on July 25, 1995.
On June 25, 1996, when this petition was filed, the underlying fee title to the premises had been conveyed on February 5, 1996 to Emil Ruiz and Randy Ruiz, subject to a purchase money first mortgage from them to Financial Enterprises Corporation executed on the same date. Accordingly, notice of this petition was duly served on all three of them pursuant to § 44-9-27. The respondents do not deny that they have been duly served with notice of the pendency of this petition. The petitioner does not deny that the respondents are entitled to redeem the premises under § 44-9-29, if they wish.
What is at issue in this case is the validity of the June 8, 1995 tax sale. The respondents claim that the sale was invalid because some parties, who were constitutionally entitled to notice of the sale, did not receive notice.
The state of the title to the premises as of the tax sale is not in dispute. Americo Izzo then held a life estate and the remainder was held by Marie Rotondo, Cecelia Florio and Louis Oppito, Jr., or the survivor of them, in equal shares, their heirs and assigns forever. This remainder was apparently held by these last three as vested joint tenants. It can be presumed that on June 8, 1995 all of the remainder owners were living. These respective interests in the title to the parcel in question were derived from the will of Rose A. Izzo who died on November 7, 1990 seized of the undivided fee simple title to the land, so far as appears from the undisputed record. Her will was admitted to probate on February 7, 1991 in the Probate Court of the City of Providence. Americo Izzo, the life tenant, was granted letters testamentary as executor under the will.
Thereafter, the land was assessed to Americo Izzo. The parties do not dispute that he was assessed as a life tenant under § 44-4-6, despite some likelihood that he may have been assessed pursuant to § 44-4-7 as the executor under the will of an undivided estate of a decedent. In any event, it is undisputed that Americo Izzo was given personal notice of the tax sale pursuant to § 44-9-10. It is also undisputed that the owners of the remainder interest did not get notice under §44-9-10.
The petitioner urges that § 44-9-11 excused the collector from giving personal notice to the remainder owners because they were "person(s) other than the person (Americo Izzo) to whom the tax was assessed," who had an interest in the taxed real property, and because they were not "mortgagees of record." The respondents argue that constitutional due process requires that the remainder owners must receive reasonable notice of the tax sale before they can be deprived of their property. They citeAshness v. Tomasetti, 643 A.2d 802 (R.I. 1994).
In Ashness v. Tomasetti, supra, the Supreme Court held that a tax sale by the Blackstone Valley Sewer Commission pursuant to notice under G.L. 1956 (1991 Reenactment) § 46-21-52 (since repealed) was invalid because a mortgagee of record was not personally notified of the sale in accordance with § 44-9-11. The mortgagee had successfully argued in this Court that § 46-21-52 was unconstitutional because it failed to provide notice reasonably calculated to apprise it of the pendency of the tax sale, relying on Mennonite Board of Missions v. Adams,462 U.S. 791, 798, 103 S.Ct. 2706, 2711, 77 L.Ed.2d 180, 187 (1983). The Supreme Court agreed that the by-then obsolete § 46-21-52 standing alone was unconstitutional, but it incorporated the provisions of § 44-9-11 into the tax sale procedures for the Commission. Since appropriate notice had not been furnished,according to the requirements of the statute, the sale was invalid and void. The judgment of this Court vacating its earlier judgment foreclosing the respondents' right to redeem and declaring title to the property vested in the former fee-holder subject to mortgages and liens of record was affirmed. The Supreme Court did not need to reach the question of whether or not § 44-9-11, itself, was constitutional, because at least one of the respondents on appeal was a "mortgagee of record," who had not received notice under the statutory procedure.
In this context the petitioner argues that this Court should accept the rationale of the Illinois Supreme Court in Rosewell v.Chicago Title and Trust Co., 99 Ill.2d 407, 76 Ill. Dec. 831,459 N.E.2d 966, app. dism. sub nom. Blum v. Rosewell, 467 U.S. 1237, 104 S.Ct. 3503, 82 L.Ed.2d 813 (1984). In that case an Illinois statute which provided for a tax sale without actual or mailed notice to a mortgagee was upheld. The Illinois Court distinguished its tax sale statute from the Indiana statute struck down in Mennonite. Significant to the result in Rosewell
was the fact that under the Indiana tax sale proceeding, as struck down in Mennonite, the property sold at tax sale could be irrevocably lost without notice and without judicial intervention. Like the Illinois tax sale statute, our statute requires judicial proceedings such as this with effective notice to all interested parties before title is irrevocably lost.
That very argument was urged on our Supreme Court in Ashness, 643 A.2d, at 807, by the tax title holder. The mortgagee had argued that our statute was not sufficiently similar to that of Illinois to make Rosewell persuasive. By implication, however, our Supreme Court ruled against the application of Rosewell and declined to distinguish our statutory scheme from the Indiana proceedings found unconstitutional in Mennonite:
 "Although we acknowledge that the Indiana tax-sale statute contains certain provisions that substantially differ from our tax-sale statute, we conclude that the holding in Mennonite is broad enough so that it applies equally to our statute." Ashness, 643 A.2d, at 810.
No one can reasonably argue that the owners of the remainder interest in the land have in question are not at least as much "interested parties" as the mortgagees in Mennonite. Their interests are presently vested. The tax sale will substantially diminish their ownership of a vested future interest in the real property. The interests of these parties are classic real property interests traditionally protected by Fourteenth Amendment due process requirements. Without reasonable notice the property of these parties has been taken without any process, let alone due process, with respect to them.
Finally, the petitioner, joined by the intervening tax collector, urges the Court not to apply the Mennonite holding to this case, but to apply a qualification the Rosewell Court noted in the Mennonite decision:
 "We do not suggest, however, that a governmental body is required to undertake extraordinary efforts to discover the identity and whereabouts of a mortgagee whose identity is not in the public record." Mennonite, 462 U.S. at 798, n. 4, 103 S.Ct. at 2706, n. 4, 77 L.Ed.2d at 187, n. 4.
Substituting "interested parties" for "mortgagee" in the footnote, the test must be whether the collector was required by the constitution to undertake "extraordinary efforts" to discover the identity of these remainder holders to avail themselves of the exception from mail or personal notice of a pending tax sale pursuant to § 44-9-11. Put another way, the relevant inquiry is whether the exclusion by § 44-9-11 of readily identifiable interests in the title to tax sale real property violates procedural due process preserved by the Fourteenth Amendment to the Constitution of the United States. The exclusion of "any person" other than a mortgagee of record from the requirement of mail or personal service of notice is obviously all-embracing. There is no way to construe "any person" so as not to include parties like these remainder holders.
This Court is satisfied that these parties were readily identifiable by the collector on June 8, 1995. Based on the records of the probate court and the tax assessor the collector had the plainest notice in the public record that the taxpayer he did notify had only a life estate, and there had to be holders of future interests in the estate. The Court has carefully considered the argument of the collector that he would have been unduly burdened by an extensive title search to discover the identity of the holders of the future interests. The Court is satisfied from the record shown in argument, and not disputed by the collector, that a cursory glance at the probate record, which was the source of the interest of the life tenant, would have immediately disclosed the identity of the holders of the future interests. That information was so readily available as to raise a question as to whether the collector made any inquiry at all as to who was an interested party to the title to this land.
Since §§ 44-9-10 and 44-9-11 do not provide for mail or personal notice to parties in interest other than the taxpayer, whose interest is readily ascertainable from the public records of the town or city, including probate records, pertaining to land titles, this tax sale was invalid, and the exclusion of these future interest holders from notice under § 44-9-11
renders that section unconstitutional as to them.
Nonetheless, it is undisputed that the holder of the life estate did get constitutionally sufficient notice of the tax sale. The collector could constitutionally sell Americo Izzo's interest, in whole or in part, at tax sale under § 44-9-8.See Weaver v. Arnold, 15 R.I. 53, 23 A. 41 (1885) cited with approval in Koszela v. Wilcox, 538 A.2d 150 (R.I. 1988).
The respondent argues that because the collector purported to sell and convey more than the life tenant's limited estate, the entire transaction is invalid. The respondents cite no authority for that conclusion. They present no principled basis for the conclusion that a sale and conveyance cannot be invalid as to some parties and valid as to others. Why should the non-tax-paying life tenant be allowed to keep his interest because the collector purported improperly to sell and convey the interests of others in the land? If the tax sale is voided as to the holders of the future interests, they are left just where they were before the sale. If the sale is validated as to the life tenant, he is left in the same position as anyone else who does not pay real estate taxes. He must redeem his interest in the real property or lose so much of it as was sold to enforce its collection.
The fact that we are dealing with successors has changed nothing. They took Americo Izzo's title subject to a tax sale and conveyance of record. The same basic kind of title examination as is required of the collector here would have disclosed to the purchasers and their financier that Americo Izzo's interest was sold at tax sale some eight months before they took title and a mortgage.
Accordingly, judgment will enter as follows:
1. G.L. 1956 (Reenactment of 1995) § 44-9-11 is declared to deprive parties in interest of property without due process of law because it permits a tax sale of real property without reasonable notice to interested parties, who are readily ascertainable from public records, in violation of the due process clause of the Fourteenth Amendment to the Constitution of the United States.
2. To the extent the tax sale of June 8, 1995 and the collector's deed of July 20, 1995 purport to sell or convey any interest of Marie Rotondo, Cecelia Florio and Louis Oppito, Jr, and their heirs and assigns, that sale and conveyance is invalid and void as to them and their successors in title, and their title to a remainder interest in the real property is not subject to the petitioner's tax title.
3. The respondents Emil Ruiz and Randy Ruiz hold their title subject to the petitioner's tax title to some or all of Americo Izzo's life estate. The mortgage held by the respondent Financial Enterprises Corporation is secured by the interests of Emil and Randy Ruiz subject to the petitioner's tax title interest in that life estate.
4. The respondents have made a conditional offer to redeem the real estate under the provisions of § 44-9-29. Accordingly, no final judgment of foreclosure may enter until the parties have been heard as provided by that section. Any party may set this matter for hearing to set terms and conditions of redemption on any available date on this Court's formal and special calendar in Providence.
The parties shall settle a form of order for entry on reasonable notice.