February 20, 2026

**Supreme Court**

No. 2024-209-Appeal.
(PC 20-507)

Domenic Apostolico           :

v.           :

Deborah M. Pagliaro.           :

NOTICE:  This opinion is subject to formal revision before publication in the Rhode Island Reporter.  Readers are requested to notify the Opinion Analyst, Supreme Court of Rhode Island, 250 Benefit Street, Providence, Rhode Island 02903, at Telephone (401) 222-3258 or Email opinionanalyst@courts.ri.gov, of any typographical or other formal errors in order that corrections may be made before the opinion is published.

Domenic Apostolico      :

v.        :

Deborah M. Pagliaro.     :

Present:  Suttell, C.J., Goldberg, Robinson, Lynch Prata, and Long, JJ.

# O P I N I O N

**Justice Robinson, for the Court.**  The defendant, Deborah M. Pagliaro, appeals from a June 17, 2024 amended final judgment[1] of the Superior Court, which awarded the plaintiff, Domenic Apostolico, the sum of $38,466.42 (inclusive of pre-judgment interest).  Deborah[2] contends before this Court (1) that, by relying exclusively on this Court's opinion in the case of *Koszela v. Wilcox*, 538 A.2d 150 (R.I. 1988), the hearing justice erred in concluding that, because the property at

---

[1]   For the sake of accuracy, we note that the only final judgment in the record is entitled "Amended Final Judgment," even though the record does not contain any prior final judgment.  But this apparent oversight has absolutely no bearing on the outcome of this case; and, in the interest of clarity, we will hereinafter refer to the Amended Final Judgment simply as the final judgment.

[2]   Throughout this opinion, we will frequently refer to the individuals having a connection to this case by their first names in order to avoid confusion.  No disrespect is intended.

issue was not "income producing," the responsibility for paying property taxes rests with the remaindermen[3] and (2) that the hearing justice erred in ruling that Deborah was responsible for paying her share of the property taxes at issue irrespective of the provisions of G.L. 1956 §§ 44-4-6 and 44-9-6.

This case came before the Supreme Court pursuant to an order directing the parties to appear and show cause why the issues raised in this appeal should not be summarily decided. After considering the parties' written and oral submissions and after reviewing the record, we conclude that cause has not been shown and that this case may be decided without further briefing or argument.

For the reasons set forth in this opinion, we affirm the judgment of the Superior Court.

# I

## Facts[4] and Travel

In 1987, Dorothy Apostolico and Domenic Apostolico, Sr. (Domenic, Sr.) built a house at 518 Scituate Avenue in Cranston, Rhode Island (the house or the property). It is uncontested that, after the death of Domenic, Sr., Dorothy was of

---

[3]    Deborah also seeks to distinguish the instant case from *Koszela v. Wilcox*, 538 A.2d 150 (R.I. 1988), by contrasting the undeveloped nature of the land in that case with the fact that the land at issue in this case was developed. We shall address that issue in due course.

[4]    The material facts relative to this case are uncontested.

limited financial means; it is also uncontested that, on October 15, 2004, she deeded the property to three children born of her marriage to Domenic, Sr.—namely Domenic Apostolico, Jr., Deborah Pagliaro, and Lorraine Mathewson.[5] The deed provided that those children would own the property as joint tenants, while Dorothy reserved a life estate for herself. The deed was silent as to who would be responsible for taxes.

Dorothy lived in the Scituate Avenue house until March of 2023; she thereafter moved into a nursing home. There is no evidence that the property produced any income between the time that the deed was recorded in 2004 until the instant action was brought in 2020. It is further uncontested that Domenic has resided in the house since March of 2023 and since that time has assumed the obligation of paying all taxes[6] and certain other expenses, but he does not pay rent. It is the taxes on the property during much of the term of Dorothy's residence there

---

[5]    In the parlance of traditional property law, Domenic, Deborah, and Lorraine are classified as "remaindermen." The case at bar, however, involves only two of the remaindermen—namely Domenic and Deborah. Lorraine has never been a party to this case. According to Domenic, he has been reimbursed by Lorraine as a consequence of her status as a remainderman with a one-third interest in the property. In contrast, it is uncontested that Domenic has not received any such reimbursement from Deborah.

[6]    Domenic testified at his deposition that, although the City of Cranston identified "Apostolico Dorothy Life Estate" as the addressee of the tax bills at issue, it was he who actually paid the property taxes while Dorothy lived there.

as a life tenant that are at issue in this case; Domenic paid those taxes, and the case at bar deals with his attempt to be reimbursed by Deborah for her share thereof.

On January 22, 2020, after having sent Deborah written requests for reimbursement, which were not successful, Domenic filed a complaint in the Superior Court for Providence County, asserting claims for contribution (Count One) and unjust enrichment (Count Two). After considering a motion to dismiss filed by Deborah, a hearing justice dismissed Count One on the grounds that it "fail[ed] to provide adequate notice of the claim being asserted * * *." The hearing justice granted Domenic leave to amend his complaint so as to replace Count One "with a cognizable legal claim for relief."[7]

On September 28, 2020, Domenic filed an amended complaint, in which he sought a judgment whereby Deborah would be required to pay her share of the taxes for the Scituate Avenue property from January 22, 2010 forward.[8] The amended complaint contained two counts, the first sounding in quasi-contract and the second sounding in unjust enrichment.

---

[7]    The hearing justice also ruled on a statute of limitations defense raised by Deborah, but that ruling has not been appealed by either party.

[8]    Domenic sought reimbursement from Deborah for sewer taxes as well as property taxes, and he eventually prevailed in the Superior Court as to both types of taxes. For the sake of simplicity, however, we shall use the term "property taxes" to refer to both types of taxes.

On October 31, 2023, Domenic filed a motion for partial summary judgment on the issue of what he contended was Deborah's obligation to reimburse him for taxes plus pre-judgment interest.[9] On January 12, 2024, Deborah filed an objection to Domenic's motion for partial summary judgment as well as a cross-motion for summary judgment.[10] The hearing justice (not the same hearing justice as had ruled on the above-referenced motion to dismiss) rendered a bench decision on February 27, 2024, wherein he granted Domenic's motion in part. He ruled that, even viewing the evidence in the light most favorable to the non-moving party, Domenic was entitled to judgment as a matter of law as to the property law issues implicated by this case. However, he denied Domenic's motion for summary judgment with respect to the precise amount owed, ruling that issues of fact in that regard remained to be determined.

In rendering his decision, the hearing justice relied on Justice Shea's cogent decision for a unanimous Court in the case of *Koszela v. Wilcox*, 538 A.2d 150 (R.I. 1988). The hearing justice stated that, even though no obligation for the

---

[9] Domenic's amended complaint had sought reimbursement from Deborah for maintenances as well as for property taxes, but Domenic sought summary judgment solely on the issue of Deborah's liability with respect to the tax issue.

[10] In her cross-motion for summary judgment, which was eventually denied by the hearing justice, Deborah sought judgment against Domenic with respect to both counts in his amended complaint.

remaindermen to pay the property taxes was provided for in the relevant deed, this Court's holding in *Koszela* was controlling in view of its clear language to the effect that, while it is *ordinarily* the obligation of the life tenant to pay property taxes, it nonetheless becomes the obligation of the remaindermen to pay those taxes when the property does not produce income. *Koszela*, 538 A.2d at 151. In addition, the hearing justice ruled that, while the particular parcel in *Koszela* consisted of undeveloped land, "the fact that the property in question [in the instant case] is a developed residential estate does not change the obligation of a remainderman to pay taxes."

On March 8, 2024, an order reflecting the hearing justice's decision was entered, granting Domenic's motion for partial summary judgment with respect to Deborah's obligation to pay property taxes, but denying the motion with respect to the exact amount of taxes due from Deborah.[11]

Final judgment entered on June 17, 2024 in the amount of $38,466.42, representing Deborah's one-third share of the taxes at issue plus pre-judgment interest. On July 3, 2024, Deborah filed a timely notice of appeal.

---

[11] It appears that, after the issuance of the March 8, 2024 order, the parties reached agreement as to the amount that would be due from Deborah if her appeal was not successful. The issue of the amount due is not before us on appeal.

## II

## Issues on Appeal

On appeal, Deborah contends that the hearing justice erred in granting Domenic's motion for partial summary judgment. Deborah specifically claims that the hearing justice erred in ruling that the remaindermen were responsible for property taxes on the grounds that the property was not "income producing." In addition, Deborah argues that the hearing justice's decision "contradicts and would effectively void" § 44-4-6.[12]

## III

## Standard of Review

This Court reviews a hearing justice's grant of summary judgment *de novo*, applying "the same rules and standards that the hearing justice used." *New Phase Realty, LLC v. Fournier*, 337 A.3d 695, 700 (R.I. 2025) (quoting *Estate of Giuliano v. Giuliano*, 949 A.2d 386, 391 (R.I. 2008)). Moreover, "[i]n addressing a motion for summary judgment, the evidence is to be examined in a light most favorable to

---

[12] General Laws 1956 § 44-4-6 reads as follows:

> "Estates in the possession of a tenant for life or for a term of ten (10) or more years when by the terms of his or her lease the tenant for years is required to pay the taxes on the estate, may be taxed to the tenant, who, for the purposes of taxation is deemed the owner."

the nonmoving party, and we will affirm the judgment if we conclude that there are no genuine issues of material fact and that the moving party is entitled to judgment as a matter of law." *Meeks v. Stop & Shop Supermarket Company, LLC*, 289 A.3d 1179, 1183 (R.I. 2023). In addition, we have stated that "[i]t is important to bear in mind that the purpose of the summary judgment procedure is issue finding, not issue determination." *Estate of Giuliano*, 949 A.2d at 391 (internal quotation marks omitted). To defeat a motion for summary judgment, "[t]he nonmoving party must prove the existence of a disputed issue of material fact by competent evidence and may not rely upon mere allegations or denials in the pleadings, mere conclusions or mere legal opinions." *New Phase Realty, LLC*, 337 A.3d at 700 (internal quotation marks omitted).

## IV

## Analysis

On appeal, Deborah primarily contends that the hearing justice erred by holding that the remaindermen were responsible for the taxes at issue on the basis of the fact that the property was not "income producing." Deborah also contends that the hearing justice erred by relying exclusively on *Koszela*; she contends that *Koszela* is distinguishable because that case involved non-income-producing land, whereas in the present case the life tenant (*viz.*, Dorothy) lived on the property,

thereby "enjoy[ing] a beneficial interest in the property * * *."[13] Domenic, for his part, contends that the hearing justice properly held as a matter of law that *Koszela* applied because it is undisputed that the property has not produced any income during the relevant time.

After carefully considering Deborah's arguments, we are not persuaded by them. We are in complete agreement with the hearing justice that this Court's holding in *Koszela* is controlling. Long before the decision in *Koszela*, this Court had acknowledged the general rule that, absent any provision by the grantor to the contrary, the life tenant is responsible for the payment of taxes. *Sheffield v. Cooke*, 39 R.I. 217, 228, 98 A. 161, 165 (1916). Of great significance, however, is the fact that the *Sheffield* opinion went on to clearly articulate an exception to that general rule, stating that "the law is clear that taxes assessed against unproductive real estate are not chargeable to the life tenant * * *." *Sheffield*, 39 R.I. at 244, 98 A. at 171;[14] *see Koszela*, 538 A.2d at 151; *see also Calcagni v. Cirino*, 65 R.I. 408, 414, 14 A.2d

---

[13]   We see no reason for departing from the holding in *Koszela v. Wilcox*, 538 A.2d 150 (R.I. 1988), simply because the life tenant in this case (Dorothy) who had deeded the property to the three remaindermen (her children) chose to reside there. It is not alleged that she generated any actual income merely by living in the house on the property.

[14]   It is noteworthy that, many years after the *Sheffield* opinion was issued, this Court summarized the pertinent holding in that case as follows: "[T]o the extent the property is *not* income-producing, it is taxable to the remainderman." *Delta Airlines, Inc. v. Neary*, 785 A.2d 1123, 1129 (R.I. 2001) (emphasis in original).

803, 805 (1940). *Koszela* reaffirmed the *Sheffield* rule by holding that, in cases where the property is not productive of any income during the life tenancy, the remaindermen are obliged to pay the taxes.[15] *Koszela*, 538 A.2d at 151. This Court's unanimous opinion in *Koszela*, is very clear as to this point:

> "The majority rule appears to be that in situations in which land is not productive of any income during the life tenancy, the life tenant is not bound to pay any of the ordinary taxes or any special assessments for betterments, but rather the remainderman or remaindermen must pay them." *Koszela*, 538 A.2d at 151.

There has been no evidence presented that the property at issue in this case produced any income during the term of the life tenancy. Therefore, in accordance with the clear holding in *Koszela*, the remaindermen were required to pay the property taxes. *See Koszela*, 538 A.2d at 151.

It will be recalled that Deborah also contends that the hearing justice's decision "contradicts and would effectively void" § 44-4-6. (Said statute is quoted

---

[15] Contrary to Deborah's argument, *Koszela* was not based on a distinction between developed and undeveloped land; rather it focused on whether the land generated income during the life tenancy. *Koszela*, 538 A.2d at 151. Accordingly, the fact that the Scituate Avenue property at some point in time may have been improved by the construction of a residential house does not change the obligation of the remaindermen to be liable for the taxes when the property does not produce income during the term of the life tenancy. Moreover, we perceive no basis in statutory language or in our own decided cases for holding that the mere fact that a life tenant resides on the property without paying rent renders that property "income producing."

in its entirety in footnote 12, *supra.*)  We are unpersuaded by Deborah's argument in this regard.  We have considered the reasoning of the Court in *Koszela* with respect to that statute, and we find ourselves to be in full agreement with that reasoning.  As previously noted, the Court in *Koszela* reaffirmed its adherence to the rule that "a life estate in land which produces no income will not require the life tenant to pay ordinary taxes or special assessments when the deed or other instrument that created the life estate places no such burden on the life tenant." *Koszela*, 538 A.2d at 151.  The Court in *Koszela* then immediately proceeded to address § 44-4-6 as follows:

> "[Section 44-4-6] merely allows parties who create a life estate or a leasehold for ten years or more to make the life tenant or leaseholder responsible for the payment of such taxes. This does not prevent a city or town assessor from implementing the provisions of § 44-4-6 by billing the life tenant or tenant for years for taxes as they accrue and selling that life estate or other limited interest for taxes. However, if the remainderman pays such taxes to protect his own interests, he has no right of action against the life tenant for reimbursement if the property is unproductive of income." *Koszela*, 538 A.2d at 151.

We unreservedly agree with the reasoning of the Court in *Koszela* in this regard.

For the same reason, we are unpersuaded by Deborah's contention that the hearing justice's ruling in the instant case cannot be squared with the provisions of G.L. 1956 § 44-9-6, which reads as follows: "In case of a life estate, the interest of the tenant for life shall first be liable for the tax, and the remainderman, if assessed,

shall be secondarily liable." Just as the above-quoted passage from this Court's opinion in *Koszela* reconciled the language in § 44-4-6 with the fact that land that is not productive of any income triggers an exception to the general principle that a life tenant is responsible for the payment of taxes, a similar exception is applicable with respect to § 44-9-6.

## V

### Conclusion

For the reasons set forth in this opinion, we affirm the judgment of the Superior Court. The record may be returned to that tribunal.

**STATE OF RHODE ISLAND**

**SUPREME COURT – CLERK'S OFFICE**

Licht Judicial Complex

250 Benefit Street

Providence, RI  02903



# OPINION COVER SHEET

| | |
|---|---|
| **Title of Case** | Domenic Apostolico v. Deborah Pagliaro. |
| **Case Number** | No. 2024-209-Appeal.<br>(PC 20-507) |
| **Date Opinion Filed** | February 20, 2026 |
| **Justices** | Suttell, C.J., Goldberg, Robinson, Lynch Prata, and Long, JJ. |
| **Written By** | Associate Justice William P. Robinson III |
| **Source of Appeal** | Providence County Superior Court |
| **Judicial Officer from Lower Court** | Associate Justice Joseph McBurney |
| **Attorney(s) on Appeal** | For Plaintiff:<br><br>Vicki J. Bejma, Esq.<br>For Defendant:<br><br>Michael J. Jacobs, Esq. |